FLORENCE B. SCHWAMAN, Appellant, *v.* EDGAR I. TRUAX and
BERTHA E. DE LAND, Respondents, Impleaded with Others.

*Action to set aside a sale and a final judgment in an action for the partition of land,
brought after the denial of two motions, made in the partition action, for a post-
ponement of the sale on the same grounds — the complaint is demurrable — relief
must be sought in the action for partition.*

The complaint in an action to set aside a sale in partition and a final judgment
therein alleged that the plaintiff had in July, 1897, brought an action of par-
tition against the defendants, and that after the action was commenced she
learned that her mother had transferred to the defendant Bertha E. De Land
certain personal property, and that after the interlocutory judgment of parti-
tion and sale had been entered, the plaintiff brought an action to set aside the
transfers made to such defendant, and to obtain an adjudication that she was
the owner of a one-half interest in such personal property; that she then made
a motion to have the partition sale postponed, alleging, in substance, that in
order to protect her interests in the property it would be necessary for her to
bid at the sale and that she had no property other than her interest in the
premises sought to be partitioned and in the personal property then in litiga-
tion; that the court denied the motion upon the ground that the sale of the
real estate could not be suspended while the plaintiff was trying to establish
her right to other property; that the plaintiff appealed from the order and
moved for a stay pending the appeal, which was denied. The complaint did
not disclose what disposition was made of the motion on appeal.

At the sale, which was held September 15, 1898, the entire real estate was bid in
by the defendant De Land. The plaintiff was a bidder at the sale, and alleged
that if she had had possession of her claimed interest in the personal prop-
erty she would have been willing to bid more than the sum at which it was
bid in by the defendant De Land. The sale was confirmed October 8, 1898,
and final judgment was entered. The complaint did not allege that the plain-
tiff opposed the confirmation of the sale or the entry of final judgment, or that
she had at any time made any application in the partition action to set aside
the sale for inadequacy of price, or for any other cause.

In March, 1899, the plaintiff recovered judgment in the action to set aside the
transfers of the personal estate. This judgment was affirmed by the Appel-
late Division, and an appeal was taken to the Court of Appeals, where it is
now pending undetermined.

The present action was brought November 11, 1901, and the complaint alleged
that the defendant De Land still owned the property bid off at the sale for
$31,200; "that if a sale of said real estate is ordered after plaintiff's judgment
(in the personal action) is affirmed (in the Court of Appeals), plaintiff will bid
$40,000.00, or upwards, for said real estate."

The relief sought was that the final judgment, the order of confirmation and
the sale be vacated and a resale ordered, and that the purchaser account for

the rents, profits and improvements of the property since September 15, 1898.

*Held,* that the complaint was demurrable for the reason that the questions sought to be presented in the present action had been determined adversely to the plaintiff on two several applications in the partition suit for a postponement of the sale therein and for the further reason that if the plaintiff was entitled to such relief she should have obtained it in the partition action, and was not entitled to institute an independent action therefor.

APPEAL by the plaintiff, Florence B. Schwaman, from a final judgment of the Supreme Court in favor of the defendants, Edgar I. Truax and Bertha E. De Land, entered in the office of the clerk of the county of Schenectady on the 1st day of April, 1902, pursuant to an interlocutory judgment of the Supreme Court in favor of such defendants, entered in said clerk's office on the 10th day of March, 1902, upon the decision of the court, rendered after a trial at the St. Lawrence Special Term, sustaining said defendants' demurrer to the complaint upon the ground that the facts stated therein were insufficient to constitute a cause of action, with notice of an intention to bring up for review upon said appeal such decision and interlocutory judgment.

*Robert J. Landon* and *John F. Clute,* for the appellant.

*A. J. Dillingham,* for the respondents.

KELLOGG, J. :

The only question involved in this appeal is the one determined by the interlocutory judgment sustaining the demurrer to the complaint on the ground that it failed to state a cause of action. The action is brought to set aside a final judgment in partition entered after a sale of real estate in a partition action brought by this plaintiff against these defendants, and to set aside a sale directed by the interlocutory judgment in that action. The sale was made September 15, 1898, confirmed October 8, 1898, and final judgment thereupon entered. It seems that all parties are satisfied with the interlocutory judgment directing a sale. We must assume that all parties to the action were present in court at the confirmation of such sale and upon the rendition of the final judgment, and that no appeal was taken therefrom. The complaint alleges that plaintiff was present at the sale and a bidder thereat for the property.

The complaint further alleges that the action in partition was begun by this plaintiff in July, 1897, and after the commencement of that action she learned of the execution by her mother in 1890 and in 1893 of transfers of the mother's personal property to defendant Bertha E. De Land, and, upon acquiring such information, she applied on October 16, 1897, for letters of administration on her mother's estate, apparently with a view of testing the validity of such transfers; that she failed to obtain letters of administration; that thereafter, on June 25, 1898, she procured to be entered the interlocutory judgment in partition, and thereafter, on July 29, 1898, she began an action to set aside such transfers and to have declared that she was owner of a one-half interest in such personal property; that on the same day plaintiff " made a motion in the partition suit to have the sale of the real estate therein postponed, plaintiff in her moving papers showing that she had commenced said action to vacate said instruments and for an accounting; that besides said cause of action she had no other property than her one-fourth interest in the real estate to be sold, and that in order to protect her interest in said real estate it was necessary that she should be able to bid against Edgar and Bertha, who were very friendly, and whose joint interest embraced three-fourths of the said real estate. Said motion was denied, the court holding that the title to the real estate being undisputed, its sale could not be suspended while plaintiff was trying to establish her right to other property; that plaintiff appealed from said order, which was made August 6, 1898, and moved for a stay pending the appeal which was denied September 10, 1898, on a preliminary objection, and said sale took place September 15, 1898." The complaint does not disclose what disposition was made of the motion on appeal. At the sale of September 15, 1898, the whole of the real estate was bid in by Bertha for $31,200. Plaintiff bid $20,000 for one parcel, which was struck down to Bertha for $20,250. The plaintiff alleges that she was unable to bid more because she could not command her interest in the personal estate which she had sued for. If she could have had possession of her claimed interest in the personal estate, she would have been willing to have bid $25,000 for the parcel which was sold for $20,250; that she believed it worth $30,000. The sale was confirmed October 8, 1898, and final judgment was

entered.   The complaint does not allege any opposition by plaintiff to confirmation of the sale or to entry of final judgment, or that at any time she applied in that action to set aside the sale for inadequacy of price, or for any other cause.   In March, 1899, plaintiff recovered judgment in the action to set aside the transfers of the personal estate.   This judgment was affirmed in the Appellate Division, and on accounting the interest of plaintiff in the personal estate was found to be $31,618.79, for which final judgment was entered.   An appeal from that judgment is now pending in the Court of Appeals.   And plaintiff further alleges " That if said judgment is affirmed and paid, plaintiff will be in the position she should have been in when said real estate was sold in September, 1898, and desires that she should have an opportunity to compete with said Edgar and Bertha for the purchase thereof when in possession of the means."   Since the sale (September 15, 1898), and until this action was commenced (November 11, 1901), a period of over three years, the sale has not been attacked or in any manner disturbed.   The complaint alleges that Bertha still owns the property bid off at the sale at $31,200, and further alleges " that if a sale of said real estate is ordered after plaintiff's judgment (in the personal action) is affirmed (in the Court of Appeals), plaintiff will bid $40,000, or upwards, for said real estate."

These are the facts alleged in the complaint herein, and all of the material facts therein alleged, and upon these facts plaintiff asks that the final judgment, the order of confirmation and the sale be vacated, a resale ordered and an accounting by the purchaser for rents and profits and improvements since September 15, 1898, be directed.

I am unable to discover any precedent for an action of this character based upon similar fact.   It is not unusual for a court of equity to exercise its functions in setting aside judgments and decrees which were obtained by the fraud of the party, but as said by Judge FOLGER in *Stilwell* v. *Carpenter* (2 Abb. N. C. 263): " The question of fraud which is open to examination in such case is as to something which intervened in the proceedings by which the judgment was obtained,   *   *   *   and it must have occurred in the very concoction or procuring of the judgment, and not have

been known to the opposite party at the time, and for not knowing which, he is not chargeable with neglect or inattention."

No fraud is here charged in making the sale or in obtaining the confirmation of the same, or the final judgment for distribution of the proceeds of the sale. The sale might have been postponed by order of court on any sufficient grounds. That it was not postponed seems to constitute plaintiff's sole grievance. On the facts set forth in this complaint, plaintiff applied to the court in the partition action for a postponement of the sale. The motion was denied on the grounds, as the complaint alleges, " the court holding that the title to the real estate being undisputed, its sale could not be suspended while plaintiff was trying to establish her right to other property." It appears by the complaint that subsequently a second motion was made " for a stay pending the trial of her other action, but the court held that it ought not to hold the title in abeyance pending a determination of the issues in that action, or, as the court stated, till the plaintiff could get rich." .

. That the partition action was the proper place to seek a delay of the sale, which was the sole ultimate relief then or now desired, cannot be doubted. The facts were then all known to the plaintiff and presumably were all presented on these two applications.

No new fact is set forth in this complaint, except the fact that a trial has been had of the personal property action, and plaintiff has established the verity of the facts presented to the court on the two motions referred to, to wit: That the transfers made by plaintiff's mother of the personal property were void. According to the complaint, however, the court on each application placed its decision on quite other grounds than the sufficiency of proof of the facts presented. A court of equity having jurisdiction has, therefore, twice decided, as the complaint alleges, that the facts set forth in the complaint are insufficient to entitle plaintiff to the relief sought, to wit: A postponement of the sale. It is difficult to see how a court of co-ordinate jurisdiction can now reverse these decisions on the same facts. Such a practice would unsettle the stability of judgments and decrees. " The general rule that the decision and judgment of a court, as to any matter within its jurisdiction, is conclusive upon the parties, and those in privity with them, is fundamental. It secures respect for judicial decisions, and terminates

litigation,   \*   \*   \*   and a wise public policy demands that in cases falling within the reason of the rule, it shall be adhered to." (Judge ANDREWS in *Stilwell* v. *Carpenter*, 59 N. Y. 423.)

Aside from the fact alleged that the court has twice passed upon the question here presented, I do not think that there are any facts stated in the complaint upon which an independent action like the present one can stand. Such an action is unnecessary. The matter can be properly and effectually treated in the partition action. The facts alleged are not subject to dispute. No trial of any issues, which can be framed in answer to any material fact alleged in the complaint, is necessary. The sale was had in September, 1898. The judgment of confirmation and final judgment were entered in October, 1898. The judgment in the action concerning the personal property was rendered in March, 1899. So the new fact, if the judgment in the personal property action can be considered a new or material fact, was available to plaintiff within six months from the date of sale and entry of final judgment; and a new motion, to set aside the sale and final judgment, was not barred by lapse of time, as provided by sections 1282 and 1283 of the Code of Civil Procedure.

This complaint does not present any facts upon which can be predicated a charge of fraud not available in the partition action by motion. In so far as fraud can be predicated upon the acts of Bertha, in defending the validity of the transfers of the personal property to her by her mother, it is at most but a legal conclusion and not debatable or issuable, and this legal conclusion is just as available on a motion in the partition action as it can be in an independent action.

I am, therefore, of the opinion that the learned trial court properly held that the complaint does not state facts sufficient to constitute a cause of action.

The judgments appealed from should be affirmed, with costs.

All concurred.

Interlocutory\* judgment affirmed, with costs.

---

\* *Sic.*